PEOPLE v McALLISTER (ON REMAND)

Docket No. 212690. Submitted December 3, 2001, at Detroit. Decided
     December 21, 2001, at 9:05 A.M. Leave to appeal sought.

     Larry L. McAllister was convicted by a jury in the Wayne Circuit
     Court, Thomas E. Jackson, J., of assault with intent to commit mur-
     der. The defendant appealed. The Court of Appeals affirmed, find-
     ing, in part, that evidence of an anonymous telephone tip identify-
     ing the defendant as the assailant of the victim was admitted in
     error. The error was found to be harmless on the basis that it was
     not outcome determinative. 241 Mich App 466 (2000). The Supreme
     Court, in lieu of granting leave to appeal, remanded the matter to
     the Court of Appeals for consideration as on rehearing granted. 465
     Mich 884 (2001). The Supreme Court, noting that the Court of
     Appeals did not consider the constitutional aspect of the defen-
     dant's claim that the admission of the evidence violated his consti-
     tutional rights of confrontation and to a fair trial and that the
     defendant did not properly preserve the constitutional argument in
     the trial court, ordered the Court of Appeals to address the claim
     under the standard for unpreserved constitutional error set forth in
     *People v Carines*, 460 Mich 750 (1999).

     On remand, the Court of Appeals *held*:

     The defendant failed to meet the burden of proof set forth in
     *Carines* that, to avoid forfeiture of a constitutional claim, the
     defendant must show that an error occurred, it was plain, and it
     affected the outcome of the lower court proceedings.

     Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, *John D. O'Hair*, Pros-
ecuting Attorney, *Timothy A. Baughman*, Chief of
Research, Training, and Appeals, and *Roberta L.
Wolfe-Bryant*, Assistant Prosecuting Attorney, for the
people.

*Craig A. Daly*, for the defendant.

ON REMAND

Before: HOOD, P.J., and GAGE and WHITBECK, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court. On original submission, we concluded that the introduction of information regarding an anonymous telephone call was erroneous, but was not outcome determinative, citing *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). *People v McAllister*, 241 Mich App 466, 469-471; 616 NW2d 203 (2000). On remand, the Supreme Court has directed us to address defendant's claim under the standard for unpreserved constitutional error set forth in *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999).[1] We continue to affirm.

To avoid forfeiture of a constitutional claim, the defendant must show that an error occurred, it was plain, and it affected the outcome of the lower court proceedings. *Carines*, *supra* at 763. In the present case, defendant has failed to meet this burden. Three witnesses were able to identify defendant as the assailant, and a waitress at the bar placed defendant at the scene. *McAllister*, *supra* at 470-471. Defendant was not denied his right of confrontation when he was able to challenge the identification by these witnesses in light of visibility conditions and the duration of the attack on the victim. The trial court also provided a cautionary instruction regarding the limited purpose of the information and that it was not

---

[1] *People v McAllister*, 465 Mich 884 (2001).

admitted for the truth of the matter asserted.[2]
    Affirmed.

---

[2] We note that following the completion of the next witness and after the jury was excused, the trial court acknowledged that the anonymous tip issue had been raised by defense counsel at a sidebar. The substance of the sidebar and ruling were then placed on the record. Specifically, defense counsel objected to the context of the conversation, and the trial court allowed "it" with a curative instruction. Analysis of preserved constitutional error that is not the result of a structural defect is reviewed for harmless error. *People v Anderson (After Remand)*, 446 Mich 392, 405-406; 521 NW2d 538 (1994); *Carines, supra* at 774. This error does not constitute a structural defect, *Anderson, supra* at 405, and this error, quantitatively assessed in the context of other evidence presented at trial, was harmless beyond a reasonable doubt. *Id.* at 405-406.